S10Y1717. IN THE MATTER OF KAREN SUZANNE WILKES.
(704 SE2d 791)

PER CURIAM.

This disciplinary matter is before the Court pursuant to a Notice of Discipline filed by the State Bar alleging that Respondent Karen Suzanne Wilkes (State Bar No. 759437), who has been a member of the Bar since 1990, violated Rules 1.4 and 1.16 of the Rules of Professional Conduct, see Bar Rule 4-102 (d). Wilkes was personally served with the Notice of Discipline, but did not file a rejection and accordingly, she is in default, has no right to an evidentiary hearing, and is subject to such discipline as may be determined by this Court, see Bar Rule 4-208.1 (b), although the maximum sanction for a single violation of either Rule is a public reprimand.

According to the Notice of Discipline, the Georgia Public Defenders Standards Council ("GPDSC") appointed Wilkes in October 2005 to represent a client regarding his Motion for New Trial following his criminal conviction. Although Wilkes investigated and prepared for the matter and moved for a continuance of the hearing on the motion, she returned the file to the GPDSC in March 2006 and never informed the court or the client that she no longer represented him. In August 2006, the court denied the client's Motion for New Trial and mailed a copy of the order to Wilkes, but Wilkes never informed the client about the order.

Based on those facts, we hold that Wilkes violated Rules 1.4 and 1.16. We find no factors in mitigation of discipline but note in aggravation that Wilkes has a prior disciplinary history (having received an Investigative Panel reprimand in 2006). Accordingly, we grant the State Bar's request and hereby order that Wilkes receive a Review Panel reprimand pursuant to Bar Rules 4-102 (b) (4) and 4-220 as the appropriate disciplinary sanction for her conduct.

*Review Panel reprimand. All the Justices concur, except Melton and Nahmias, JJ., who dissent.*

NAHMIAS, Justice, dissenting.

In light of Wilkes's prior disciplinary history and her disregard for the disciplinary process in this case, I believe that a public reprimand rather than a review panel reprimand is the appropriate sanction for her misconduct. I therefore respectfully dissent.

I am authorized to state that Justice Melton joins in this dissent.